UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| THOMAS NATHANIEL ALLEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No.  2:15-CV-23-JRG-MCLC |
| | ) | |
| MIKE PARRIS, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Presently before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Doc. 1] filed pro se by Petitioner Thomas Nathaniel Allen challenging his 2006 Tennessee state court conviction for first degree murder.  Respondent has filed an answer to the petition [Doc. 17] and a copy of the state court record [Doc. 19].  Petitioner has filed a reply to the answer [Doc. 21] and an amended reply [Doc. 23].  For the following reasons, Petitioner's § 2254 petition will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**.

## I.  PROCEDURAL HISTORY

Petitioner was charged in a one-count supercedeas indictment in Hamblen County, Tennessee, with the first degree murder of Don Wilder, Jr., in violation of Tennessee Code Annotated §§ 39-13-202(a)(1) and 39-11-402 [Doc. 19 Addendum 3 at 4].[1]  Following a four-day trial, a jury returned a verdict of guilty [*Id*. at 187].  Petitioner was sentenced to a term of life

---

[1] More specifically, Petitioner was charged with "first degree murder of Donald Wilder, Jr., by being criminally responsible as a party thereof, to-wit: acting with the intent to benefit in the result of the death of Don Wilder, Jr., [Petitioner] solicited, aided, or attempted to aid, George Arthur Lee Smith to intentionally and premeditatedly kill Don Wilder, Jr. . . . ."  [Doc. 19 Addendum 3 at 4].

imprisonment [*Id.* at 191].[2]  Petitioner's motion for new trial [*Id.* at 192–97] was overruled by the trial court [*Id.* at 206].

Petitioner appealed his conviction and sentence to the Tennessee Court of Criminal Appeals ("TCCA") raising eight issues: (1) the evidence is insufficient to sustain his conviction of first-degree murder; (2) the trial court erred when denying severance; (3) the trial court improperly admitted evidence about Petitioner's prior criminal charge for delivery of cocaine; (4) the trial court erred when it denied a motion for change of venue; (5) the evidence is insufficient as to cause of death; (6) the evidence is insufficient to prove the crime was committed in Hamblen County; (7) the trial court improperly accepted the State's peremptory challenges of two potential jurors; and (8) the trial court improperly allowed a juror to remain on the panel when the juror should have been disqualified for actual bias or prejudice [Doc. 19 Addendum 14].[3]  The TCCA affirmed Petitioner's conviction and sentence and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court.  *State v. Allen*, No. E2006-00984-CCA-R3-CD, 2007 WL 4117603 (Tenn. Crim. App. Nov. 19, 2007) *perm. app. denied* (Tenn. Feb. 25, 2008).

Petitioner timely filed a petition for post-conviction relief and error coram nobis relief in the Hamblen County Criminal Court raising multiple claims for relief under the general grounds of ineffective assistance of counsel (19 claims), prosecutorial misconduct (four claims) and trial court error (six claims), as well as a coram nobis claim based on newly-discovered evidence [Doc. 19 Addendum 19 at 1–127].  An amended petition for post-conviction relief added six additional

---

[2]  Petitioner was tried alongside co-defendants George Arthur Lee Smith and Shannon Lee Jarnigan.  Both Smith and Jarnigan also were found guilty and were sentenced to life in prison [Doc. 19 Addendum 1 at 194, 198; Addendum 2 at 167, 173].

[3]  Petitioner also adopted "any and all co-defendants' arguments as his own wherein they are not inconsistent with his theories" [Doc. 19 Addendum 14].

claims alleging due process violations [*Id*. at 132–38]. Following an evidentiary hearing, the post-conviction court denied relief [Doc. 19 Attachment 20 at 142–53].

Petitioner appealed the denial of post-conviction and coram nobis relief to the Tennessee Court of Criminal Appeals ("TCCA") raising three issues: (1) ineffective assistance of counsel for failure to investigate or call several witnesses at trial; (2) ineffective assistance of counsel for failure to retain a jury consultant; and (3) prosecutorial misconduct by instructing a witness not to talk to the defense [Doc. 19 Addendum 24 at 1–23]. The judgment of the post-conviction court was affirmed by the TCCA and Petitioner's application for permission to appeal was denied by the Tennessee Supreme Court. *Allen v. State*, No. E2010-01971-CCA-R3-PC, 2012 WL 826522 (Tenn. Crim. App. March 13, 2012) *perm. app. denied* (Tenn. Oct. 1, 2012).

Petitioner later filed a petition to reopen post-conviction proceedings in the Hamblen County Criminal Court alleging ineffective assistance of post-conviction counsel [Doc. 19 Addendum 29 at 002736–002748]. The motion was denied [*Id*. at 002762–002764] and Petitioner's request for permission to appeal was denied by the TCCA [Doc. 19 Addendum 31].

## II.  FACTUAL BACKGROUND

The TCCA succinctly summarized the facts of this case in its opinion on direct appeal as follows:

> This case arises from the murder of Donald Wilder, Jr., which occurred in June of 2003. The State alleged that Defendant Smith shot and killed Wilder with the assistance of his girlfriend, Defendant Jarnigan. The State further alleged that Defendant Allen requested that the murder be committed, provided drugs to assist in the killing, and provided money and drugs in exchange for the killing. The Defendants were all charged with first degree premeditated murder, with Defendants Jarnigan and Allen being charged under the theory of criminal responsibility.

*State v. Allen*, 2007 WL 4117603, * 1.

The decision of the TCCA sets forth a lengthy summary of the testimony and evidence from the joint trial of Petitioner and his co-defendants. *Id*. at *1–15. Based upon that evidence, the jury convicted each Defendant of first degree murder. *Id*. at *15.

The opinion of the TCCA affirming the decision of the post-conviction court contains a recitation of the evidence presented at the evidentiary hearing held by the post-conviction court and summarizes the testimony heard from Petitioner, his trial counsel and numerous other witnesses in that proceeding. *Allen v. State*, 2012 WL 826522 at *1–4. Following the hearing, the post-conviction court concluded that Petitioner had failed to meet his burden of proof and denied the petition on all grounds for relief. *Id*. at *4.

To the extent the facts and evidence from Petitioner's trial and post-conviction relief hearing are relevant to the claims raised by Petitioner in his § 2254 petition, they will be addressed in more detail below in the analysis of those specific claims.

## III. STANDARD OF REVIEW

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996, which amended § 2254, sets forth "an independent, high standard to be met before a federal court may issue a writ of habeas corpus to set aside state-court rulings." *Uttecht v. Brown*, 551 U.S. 1, 10 (2007). By this standard, when a state court adjudicates a claim on the merits, habeas relief is available only if the adjudication of that claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

4

A state court decision is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A state court's ruling is an "unreasonable application of" clearly established federal law if the state court identifies the correct governing legal principle from Supreme Court precedent but unreasonably applies it to the facts of the particular state prisoner's case. *Id*. at 407. The habeas court is to determine only whether the state court's decision is objectively reasonable, not whether, in the habeas court's view, it is incorrect or wrong. *Id*. at 411.

Under the AEDPA, a habeas petitioner must "'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). This standard is "difficult to meet," "highly deferential," and "demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (quoting *Harrington*, 562 U.S. at 102; *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002)).

## IV.   ANALYSIS

Petitioner's § 2254 petition raises eleven grounds for habeas relief: (1) the evidence is insufficient to support his conviction; (2) the evidence is insufficient to establish venue; (3) the trial court erred in denying his motion for change of venue based on pretrial publicity; (4) the trial court erred in denying his motion for severance; (5) the trial court erred in permitting improper use of peremptory challenges; (6) the trial court erred in failing to disqualify a juror and not holding a hearing; (7) the trial court erred in allowing evidence of a prior criminal drug charge; (8) ineffective

assistance of counsel for failing to call six witnesses; (9) ineffective assistance of counsel for failing to hire a jury consultant; (10) prosecutorial misconduct in refusing to allow a witness to speak to the defense; and (11) ineffective assistance of post-conviction relief counsel [Doc. 1].

Respondent asserts that claims two, six, seven and ten have been procedurally defaulted because they were not fairly or adequately presented to the highest available state court as required under the exhaustion requirement of 28 U.S.C. § 2254(b) and now are barred from presentation to the state courts under Tennessee procedural rules [Doc. 17]. Respondent further argues that claim eleven is not cognizable in a federal habeas proceeding [*Id.*]. Finally, Respondent argues that relief is not appropriate on any of Petitioner's other claims because the adjudication of those claims on the merits in state court did not result in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, or that was based on an unreasonable determination of the facts in light of the evidence presented [*Id.*]

### A.     PROCEDURALLY DEFAULTED CLAIMS

Before a federal court may review a federal claim raised in a habeas petition, it first must determine whether the petitioner has exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1). If a federal habeas claim has not been presented to a state court for adjudication, then it is unexhausted and may not properly serve as the basis of a federal habeas petition. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

The exhaustion "requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Wilson v. Mitchell*, 498 F.3d 491, 498–99 (6th Cir. 2007) (quoting *Lott v. Coyle*, 261 F.3d 594, 608 (6th Cir. 2001)). Under Tennessee Supreme Court Rule 39, a Tennessee prisoner

exhausts a claim by raising it before the TCCA. *See Adams v. Holland*, 330 F.3d 398, 402 (6th Cir. 2003).

A federal court will not review claims that were not entertained by the state court due to the petitioner's failure (1) to raise those claims in the state courts while state remedies were available, or (2) to comply with a state procedural rule that prevented the state courts from reaching the merits of the claims. *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006). A petitioner who fails to raise a federal claim in the state courts and who is now barred by a state procedural rule from returning with the claim to those courts has committed a procedural default. *See Coleman v. Thompson*, 501 U.S. 722, 732 (1991). A procedural default forecloses federal habeas review, unless the petitioner can show cause to excuse the failure to comply with the state procedural rule and actual prejudice resulting from the alleged constitutional violation. *Id*. at 750.

Here, Petitioner asserts several grounds for relief in his habeas petition that have been procedurally defaulted because they were not fairly presented to the state courts and he now is barred by state procedural rules from returning to state court to pursue them. Because Petitioner has not shown cause or prejudice excusing his default, federal habeas review of the following procedurally barred claims is foreclosed.

### 1. Sufficiency of Evidence—Venue (Claim 2)

Petitioner's second claim alleges that the evidence was insufficient to sustain the jury's finding that Hamblen County was the proper venue because, he alleges, the proof at trial showed the killing took place in Jefferson County [Doc. 1-1 at 4]. Petitioner's claim is framed as a violation of the Sixth Amendment.

The Court finds that Petitioner did not fairly present this claim to the state court as a *federal* constitutional violation. Although Petitioner argued on direct appeal that the trial court erred in

not dismissing the case for failure to prove venue, he did so solely under Article I, Section 9 of the Tennessee Constitution, Tennessee Rule of Criminal Procedure 18, and cited only state law cases in support [Doc. 19 Addendum 14 at 43–46].

Exhaustion of state remedies "requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the ''opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275)). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 at 365–66. Thus, before seeking a federal writ of habeas corpus, a state prisoner must fairly present his claim to each appropriate state court by alerting that court to the federal nature of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

In this case Petitioner did not cite to *any* provision of the United States Constitution in his brief to the TCCA on direct appeal nor cite to a single Supreme Court or federal case in support of his claim. *Cf., Dye v. Hofbauer*, 546 U.S. 1, 3–4 (2005) (claim that featured citations to specific provisions of the Constitution and four federal cases alerted the state court that the claim "was based, at least in part, on a federal right"); *Trimble v. Bobby*, 804 F.3d 767, 781 (6th Cir. 2015) (federal claim clearly presented to state court where claim explicitly invoked three separate federal constitutional provisions and four Supreme Court cases in support). Nor did he argue that the evidence was insufficient as to venue under the Due Process Clause of the Fourteenth Amendment or invoke the standards for such claims set forth in *Jackson v. Virginia*, 443 U.S. 307, 324 (1979) and *In re Winship*, 397 U.S. 358, 364 (1970).

Petitioner's failure to alert the TCCA to any federal claim arising from the failure to prove venue is confirmed by the TCCA's decision on direct review, as the appellate court analyzed and denied Petitioner's claim *solely* under the Tennessee state constitution, the Tennessee Rules of Criminal Procedure and state case law. *Allen*, 2007 WL 4117603, at \*19.

Because Petitioner failed to fairly present his challenge to the sufficiency of the evidence as to venue as a federal constitutional claim to the TCCA on direct appeal, he failed to exhaust that claim, and he now is precluded from returning to state court to pursue it. Accordingly, his claim is procedurally defaulted. Moreover, Petitioner has asserted no cause for not raising that issue as a constitutional claim on direct appeal, nor has he asserted prejudice arising from the procedural default of that claim

Finally, Petitioner cannot establish "actual innocence" as an exception to the procedural default rule. The Supreme Court has held that "in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). However, "actual innocence" is an extremely narrow exception, and "claims of actual innocence are rarely successful." *Schlup v. Delo*, 513 U.S. 298, 321 (1995). This is not an extraordinary case.

Accordingly, Petitioner's second habeas claim alleging insufficient evidence as to venue will be **DISMISSED**.

### 2. Trial Court Error—Failure to Disqualify Juror (Claim 6)

Petitioner's sixth habeas claim alleges that the trial court erred in failing to disqualify a juror for giving false statements and omitting pertinent answers in his juror questionnaire [Doc. 1-1 at 10–11]. Specifically, he accuses juror Bill Waddell of falsely stating that he had no children,

and failing to answer whether he had any family members who worked in law enforcement, when he actually does have a child who works in law enforcement [*Id*. at 10]. Petitioner's claim is framed as a violation of his federal constitutional right to a fair trial by a panel of impartial, 'indifferent' jurors. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). He also alleges that the trial court should have conducted a hearing to inquire into the juror's misconduct. *Remmer v. United States*, 347 U.S. 227 (1954).

Again, however, Petitioner did not fairly present this claim to the state court as a *federal* constitutional violation. Although Petitioner argued on direct appeal that the trial court erred in failing to grant a new trial based on the failure to disqualify Waddell, he did so solely under Tennessee state law, citing only state cases in support [Doc. 19 Addendum 14 at 53–55]. Petitioner did not cite to *any* provision of the United States Constitution in his brief to the TCCA on direct appeal nor cite to *Irvin*, *Remmer*, or any other Supreme Court or federal case in support of his claim. And, in analyzing and denying Petitioner's claim, the TCCA invoked the Tennessee Constitution and relied solely on Tennessee state case law. *Allen*, 2007 WL 4117603, at *25–29.

Because Petitioner failed to fairly present his juror disqualification challenge as a federal constitutional claim to the TCCA on direct appeal, he failed to exhaust that claim, and he now is precluded from returning to state court to pursue it. Accordingly, this claim is procedurally defaulted. Moreover, as already discussed, Petitioner has asserted no cause for not raising the issue as a constitutional claim on direct appeal, nor has he asserted prejudice arising from the procedural default of that claim, and he also cannot establish "actual innocence" as an exception to the procedural default rule.

Accordingly, Petitioner's sixth habeas claim alleging trial court error in failing to dismiss a disqualified juror will be **DISMISSED**.

### 3.    Prosecutorial Misconduct—Witness (Claim 10)

Petitioner's tenth habeas claim alleges that the State committed prosecutorial misconduct by instructing a witness not to speak to the defense before trial [Doc. 1-1 at 21]. Specifically, he alleges that witness Connie Lawson testified at trial that she was instructed by the district attorney not to speak with any defense counsel or investigator, in violation of Petitioner's right to have access to any prospective witness.

Petitioner raised a prosecutorial misconduct claim on this issue in his post-conviction relief petition and to the TCCA on post-conviction appeal. However, the TCCA found that Petitioner had waived this claim pursuant to Tennessee Code Annotated § 40-30-106(g) because he could have raised it on direct appeal but failed to do so, and also under Tennessee Rule of Criminal Appellate Procedure 10(b) because he failed to support it with sufficient argument and citation to authorities. *Allen*, 2012 WL 826522 at *8

Because the TCCA invoked state procedural rules as the basis for declining to review Petitioner's prosecutorial misconduct challenge stemming from prohibiting defense access to a witness, Petitioner has procedurally defaulted this claim. *Coleman*, 501 U.S. at 73. As Petitioner has failed to assert or establish cause and prejudice to excuse his default, nor can he establish actual innocence, his tenth habeas claim will be **DISMISSED**.

### B.    NON-COGNIZABLE CLAIMS

### 1.    Trial Court Error—Failure to Exclude Evidence (Claim 7)

Petitioner's seventh habeas claim alleges that the trial court erred in allowing evidence of his 2003 criminal charge for delivery of cocaine in order to show motive and intent [Doc. 1-1 at 12]. Petitioner does not assert any specific federal constitutional violation related to this claim, although he does allege that the probative value of this evidence clearly was outweighed by its

prejudicial effect, and cites federal case law interpreting Federal Rule of Evidence 404(b) in support.

The Court finds that Petitioner's challenge to the admission of this evidence is a purely state law issue that is not cognizable in a federal habeas proceeding. Although Petitioner cites to federal case law interpreting Federal Rule of Evidence 404(b), the Federal Rules of Evidence clearly are not applicable in a criminal trial in state court. Moreover, Petitioner's challenge to the admission of this evidence on direct appeal was made solely under Tennessee Rule of Evidence 404(b) [Doc. 19 Addendum 14 pp. 34–35] and it was analyzed and denied by the TCCA solely under that state rule of evidence. *Allen*, 2007 WL 4117603, at *32.

It is well-settled that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). Rather, in conducting habeas review, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. at 68. Accordingly, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Here, Petitioner's challenge to the admissibility of his prior drug charge was framed solely as a violation of the Tennessee Rules of Evidence and the TCCA analyzed and decided that claim under Tennessee state law. It is not the province of this Court to reexamine the determination of the state court on this state law question. Because Petitioner has not alleged a federal constitutional violation arising from the admission of this evidence, his challenge to the denial of that motion fails to state a cognizable basis for § 2254 relief, and his seventh habeas claim will be **DISMISSED**.

### 2. Ineffective Assistance—Post-Conviction Counsel (Claim 11)

Petitioner's eleventh habeas claim alleges ineffective assistance of post-conviction counsel "in particular on appeal" [Doc. 1 p. 22]. Specifically, Petitioner alleges that his appellate counsel was deficient in failing to raise on post-conviction appeal to the TCCA thirteen ineffective assistance of trial counsel claims, along with supporting case law and authority, which had been raised in his post-conviction petition [*Id.*].

Initially, to the extent Petitioner is attempting to raise ineffective assistance of post-conviction appellate counsel as an independent basis for overturning his conviction, he is precluded by statute from doing so. 28 U.S.C. § 2254(i) expressly provides that the "ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Accordingly, Petitioner's eleventh habeas claim alleging ineffective assistance of post-conviction appellate counsel as a free-standing ground for relief will be **DISMISSED**.

Nor can Petitioner assert ineffective assistance of post-conviction *appellate* counsel as cause for the procedural default of any ineffective assistance of trial counsel claims that Petitioner raised in his post-conviction petition but were not appealed to the TCCA on post-conviction appeal.

Ordinarily, "attorney error in state post-conviction proceedings 'cannot constitute cause to excuse [a] default in federal habeas'" because there is no constitutional right to an attorney in those proceedings. *West v. Carpenter*, 790 F.3d 693, 697 (6th Cir. 2015) (quoting *Coleman*, 501 U.S. at 757). However, in *Martinez v. Ryan*, 566 U.S. 1 (2012), the Supreme Court carved a narrow exception to the *Coleman* rule, holding that:

> [w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at

trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

566 U.S. at 17; *see also Trevino v. Thaler*, 569 U.S. 413  (2013) (extending *Martinez* rule to states whose procedural requirements make it "virtually impossible" to present an ineffective assistance claim on direct appeal even if there is no outright prohibition on doing so).[4]

Importantly, however, a petitioner *cannot* use the ineffective assistance of counsel at the post-conviction *appellate* stage to excuse a procedural default because it is not an initial-review collateral proceeding.  *Wallace v. Sexton*, 570 F. App'x 443, 453 (6th Cir. 2014).  The *Martinez* court made explicit that the narrow exception it carved out "does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial."  *Martinez*, 566 U.S. at 16.

As set forth above, although Petitioner raised a number of ineffective assistance of trial counsel claims to the post-conviction trial court, he did not properly raise those claims to the TCCA in the appeal from the denial of his post-conviction petition, and the *Martinez* exception therefore does not apply to excuse Petitioner's default because the trial court conducted an initial-review collateral proceeding on those claims and denied them on the merits.  *Wallace*, 570 F. App'x at 453.

Thus, to the extent Petitioner is attempting to assert any grounds of ineffective assistance of trial counsel that were raised in the post-conviction court but were not pursued in the TCCA on post-conviction appeal, those claims are **DISMISSED**, as they are procedurally defaulted and

---

[4]     Because Tennessee's procedural framework directs defendants to file ineffective-assistance claims in post-conviction proceedings rather than on direct appeal, the Sixth Circuit Court of Appeals has held that the *Martinez-Trevino* exception to Coleman applies in Tennessee cases.  *Sutton v. Carpenter*, 745 F.3d 787, 795–96 (6th Cir. 2014).

Petitioner cannot assert ineffective assistance of post-conviction appellate counsel as cause for that default.

## C.    CLAIMS ADJUDICATED IN STATE COURT

Petitioner's remaining claims all were raised, exhausted and adjudicated on the merits in state court and must be reviewed under the deferential standard set forth in 28 U.S.C. § 2254(d).

The starting point for a § 2254(d)(1) analysis is to identify the "clearly established Federal law, as determined by the Supreme Court of the United States" that governs the habeas petitioner's claims. *Marshall v. Rodgers*, 569 U.S. 58, 61 (2013) (quoting *Williams*, 529 U.S. at 412). As the Supreme Court has reiterated, "[C]learly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of [the Supreme Court's] decisions." *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014) (citation omitted). The Court must then determine whether the state court's adjudication of the claim was contrary to, or involved an unreasonable application of, that clearly established Federal law, or resulted in a decision that was based on an unreasonable interpretation of the facts in light of the evidence presented. 28 U.S.C. § 2254(d)(1) and (2).

### 1.    Sufficiency of the Evidence (Claim 1)

Petitioner's first habeas claim is that the evidence presented at trial was insufficient to support a conviction of first degree murder [Doc. 1-1 at 2–3]. Specifically, he maintains that Smith was the confessed murderer of Wilder and that the only evidence linking him to the killing was through hearsay or the testimony of state witnesses acting upon the promise of leniency, and that the jury ignored an audio/video recording of Smith admitting that he killed Wilder for "Stanley Davis and his ol lady" [*Id*. at 2]. Finally, he asserts that the evidence, at best, shows that he may have been guilty of accessory-after-the-fact [*Id*.].

Petitioner challenged the sufficiency of the evidence on direct appeal and the TCCA adjudicated the claim on the merits. *Allen*, 2007 WL 4117603, *15–18. Taking the evidence in the light most favorable to the state, the TCCA concluded that the "evidence is sufficient to support Petitioner's conviction for first degree murder under a theory of criminal responsibility." *Allen*, 2007 WL 4117603, *18. Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

### a.    Applicable Law

The Due Process Clause of the Fourteenth Amendment protects an accused against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. at 364. When a habeas petitioner challenges his conviction based upon insufficient evidence the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 at 324.

"This standard is even more exacting" under § 2254, as a review of the state court's merits determination must be made "through AEDPA's deferential lens." *Hill v. Mitchell*, 842 F.3d 910, 933 (6th Cir. 2016). Thus, in giving proper deference both to the verdict and to the state court opinion upholding that verdict, even if the Court were to "'conclude that a rational trier of fact could *not* have found the petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state *appellate court's* sufficiency determination as long as it is not unreasonable." *Id*. at 933–34 (quoting *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009)).

### b.    Discussion

In light of this exacting standard, Petitioner's challenge to the sufficiency of the evidence supporting his conviction must fail. In addressing Petitioner's claim, the TCCA identified *Jackson*

as the appropriate standard and applied it in a reasonable manner. The TCCA first identified the theory upon which Petitioner was held responsible for first-degree murder under Tennessee law, noting that "[a] person is criminally responsible for an offense committed by the conduct of another if . . . [a]cting with intent to promote or assist the commission of the offense, or to benefit in the proceeds or results of the offense, the person solicits, directs, aids, or attempts to aid another person to commit the offense . . . ." *Allen*, 2007 WL 4117603, *18 (citing Tenn. Code. Ann. § 39–11–402(2)).

The TCCA then summarized the relevant evidence supporting Petitioner's conviction as follows:

> Defendant Allen asked Rucker to kill the victim because the victim "had" an indictment on him. Other witnesses testified that Allen wanted the victim killed for "snitching" on Defendant Allen. Defendant Allen offered to ensure that whoever killed the victim would be paid. He asked Rucker, Defendant Smith, and Brassfield to kill the victim. Before the murder, Defendant Allen indicated that Defendant Smith was the person who was going to kill the victim. He gave Defendant Smith drugs to get the victim high. After the victim was killed, Defendant Allen said that his drug charges had been dismissed because he "took care of the problem." Further, after the killing, Brassfield, Defendant Allen's brother, brought money and drugs worth $10,000 from Defendant Allen to Defendant Smith on two separate occasions. Defendant Allen told Brassfield that he had to threaten Defendant Smith with a gun because Defendant Smith repeatedly requested more money as payment for killing the victim.

*Allen*, 2007 WL 4117603, *18.

In light of the foregoing evidence as outlined by the TCCA, the inference that Petitioner was criminally responsible for the first degree murder committed by Smith is a reasonable one, and the Court must presume that both the jury and the TCCA resolved any reasonable conflicting inferences in favor of the prosecution. *See Copeland v. Tiseo*, 645 F. App'x 500, 506 (6th Cir. 2016).

Although Petitioner questions the credibility of the witness testimony and the jury's consideration of the audio/video recording, under *Jackson*, "the assessment of the credibility of witnesses is generally beyond the scope of review." *Schlup*, 513 U.S. at 330; *see also Martin v. Mitchell*, 280 F.3d 594, 618 (6th Cir. 2002) (attacks on witness credibility are simply challenges to the quality of the government's evidence and not to the sufficiency of the evidence). Moreover, "[t]he trier of fact . . . holds 'the responsibility . . . fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.'" *Tibbs v. Florida*, 457 U.S. 31, 45 n. 21 (1982) (quoting *Jackson*, 443 U.S. at 319)). Thus, it is not for this Court to reweigh the evidence, re-evaluate the credibility of the witnesses, or substitute its judgment for that of the trier of fact. *See Brown*, 567 F.3d at 205.

Under the doubly deferential standard of *Jackson* and the AEDPA, the Court is satisfied that the evidence presented at Petitioner's trial was sufficient for a rational trier of fact to find beyond a reasonable doubt all of the essential elements of the crime of first degree murder under a theory of criminal responsibility, and further that the decision of the TCCA so finding was objectively reasonable. Accordingly, because the decision of the TCCA that the evidence was sufficient to support Petitioner's conviction was neither contrary to, nor an unreasonable application of, Federal law as established in *Jackson*, nor based on an unreasonable determination of the facts in light of the evidence, his first habeas claim will be **DISMISSED**.

### 2.     **Trial Court Error—Change of Venue (Pretrial Publicity) (Claim 3)**

Petitioner's third habeas claim is that the trial court erred in denying his motion for a change of venue due to pretrial publicity in violation of his due process right to a fair trial [Doc. 1-1 at 5]. Specifically, he maintains that he is well known in Hamblen County and that he even knew a

couple of jurors, and that his case garnered "lots of media attention including local newspapers and news stations [*Id.*].

Petitioner challenged the denial of his motion for a change of venue due to pretrial publicity on direct appeal and the TCCA adjudicated the claim on the merits. *Allen*, 2007 WL 4117603, *15–18. The TCCA found that none of the defendants proved that any of the jurors were prejudiced by the pretrial publicity and, "in the absence of any proof that any juror was prejudiced," concluded that the trial court did not err when it denied the motion for change of venue. *Allen*, 2007 WL 4117603, *21. Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

### a.  Applicable Law

The right to jury trial guarantees to the criminally accused a fair trial by a panel of impartial, 'indifferent' jurors. *Irvin v. Dowd*, 366 U.S. 717, 722 (1961). In reviewing a due process claim based on pretrial publicity, the question is "not whether the community remembered the case, but whether the jurors . . . had such fixed opinions that they could not judge impartially the guilt of the defendant." *Patton v. Yount*, 467 U.S. 1025, 1035 (1984). A trial court's finding of juror impartiality may only be overturned where manifest error is present. *Mu'Min v. Virginia*, 500 U.S. 415, 428 (1991). A jury is presumed impartial, and the burden rests with the challenger to show otherwise. *Irvin*, 366 U.S. at 723.

### b.  Discussion

The Court's task is to determine whether the Tennessee state courts applied the foregoing principles in a manner that was unreasonable. *See Allen v. Hawley*, 74 F. App'x 457, 461 (6th Cir. 2003). Upon review of the TCCA decision, the Court cannot find that the denial of Petitioner's

challenge to denial of his motion for a change of venue based on pretrial publicity was unreasonable.

Although the TCCA did not cite to any United States Supreme Court precedent in its analysis, it did refer to, and rely upon, state law that is consistent with and, in fact, was derived from relevant Supreme Court case law on this issue. *Allen*, 2007 WL 4117603, at \*20–21. Accordingly, the AEDPA's deferential standard applies to the Court's review of the TCCA's merits adjudication. *See Slagle v. Bagley*, 457 F.3d 501, 513–14 (6th Cir. 2006) ("The state-court decision need not refer to relevant Supreme Court cases or even demonstrate an awareness of them . . . it is sufficient that the result and reasoning are consistent with Supreme Court precedent").

The TCCA's reasoning is consistent with the Supreme Court precedent outlined in *Irvin* and *Patton*. The TCCA determined that Petitioner and his co-defendants failed to meet their burden to show that the jurors who actually sat and rendered the verdict were prejudiced by pretrial publicity. *Allen*, 2007 WL 4117603, at \*21. They found that Petitioner's general assertions that the jurors knew each other and that he was well known in the community were insufficient to prove that any juror was prejudiced by pretrial publicity. *Id*.

Under clearly established Federal law, it is not required that the jurors be totally ignorant of the facts and issues involved, and the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is insufficient to rebut the presumption of a prospective juror's impartiality. *Irvin*, 366 U.S. at 722–23. The decision of the TCCA in rejecting Petitioner's due process claim based on pretrial publicity is neither contrary to, nor an unreasonable application of this clearly established law. Nor is the decision based on an unreasonable determination of the facts. Accordingly, under the exacting standard of § 2254(d), Petitioner's third habeas claim will be **DISMISSED**.

### 3.        Trial Court Error—Joint Trial (Claim 4)

Petitioner's fourth habeas claim is that the trial court erred in consolidating his trial with the trials of Smith and Jarnigan [Doc. 1-1 at 6].  Specifically, he maintains that the evidence against Smith was so overwhelming as to deny him a fair trial [*Id.*].  He asserts that he was forced to sit at the same table as Smith, and that because Smith did not testify, Petitioner was unable to cross-examine Smith as to his confessions to the murder [*Id.*].

Petitioner raised this identical issue on direct appeal and the TCCA adjudicated the claim on the merits.  *Allen*, 2007 WL 4117603, *21–23.  The TCCA found that because each of the defendants was charged with accountability for Wilder's murder, consolidation of the cases was permissible "unless consolidation violates constitutional provisions articulated in *Bruton v. United States*, 391 U.S. 123 (1968)."  *Allen*, 2007 WL 4117603, *22.  The TCCA concluded that because the trial court redacted from the statements of Smith and Jarnigan any mention of any other defendant, Petitioner's "constitutional confrontation rights were not violated."  *Id.* at *23.  Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

### a.        Applicable Law

In *Bruton*, the United States Supreme Court held that where two defendants are jointly tried, admission of one defendant's pre-trial statement implicating the co-defendant violates the co-defendant's Sixth Amendment right to confront and cross-examine witnesses against him.  391 U.S. at 136–37.  This rule only applies, however, if the confession facially incriminates the defendant.  *Richardson v. Marsh*, 481 U.S. 200, 202 (1987).  If the court redacts all references to the defendant, so that the confession does not expressly implicate the defendant as an accomplice to the crime, the confession is admissible against the codefendant, and remains so even if defendant is linked to the confession by independent evidence. *Id.* at 208.

### b. Discussion

In addressing Petitioner's claim, the TCCA identified *Bruton* as the appropriate standard and applied it in a reasonable manner. The TCCA identified the potential *Bruton* problem arising from a joint trial and addressed it as follows:

> The trial court asked the State if it could redact the statements from Defendants Smith and Jarnigan to use them at a joint trial, telling the State that the statements could not name any other defendant. The court noted that it originally thought that the cases could not be tried together. Defendant Jarnigan's attorney noted that more redactions to the statements were necessary and that there were "some severe *Bruton* problems." The trial court responded that, if the State were willing to accept the trial court's redactions, then the cases could possibly be tried together. The trial court then meticulously went over each statement to ensure that any mention of a co-defendant was removed. After the redactions, the trial court found that "the cases can be tried together and *Bruton* will not be violated."

*Allen*, 2007 WL 4117603, *22.

The TCCA concluded:

> In the case under submission, we have carefully reviewed the out-of-court statements of both Defendants Smith and Jarnigan. We conclude that the trial court did not abuse its discretion when it consolidated the Defendants' cases for trial. The trial court redacted from the statements of Defendant Smith and Defendant Jarnigan any mention of any other defendant. We conclude, therefore, that the Defendants' constitutional confrontation rights were not violated. Thus, severance was not needed to "promote a fair determination of the guilt or innocence of one or more defendants."

*Allen*, 2007 WL 4117603, *23.

Under the deferential standard of the AEDPA, the Court is satisfied that the decision of the TCCA so finding was objectively reasonable. Accordingly, because the decision of the TCCA that Petitioner's constitutional confrontation rights were not violated is neither contrary to, nor an unreasonable application of, Federal law as established in *Jackson*, nor based on an unreasonable determination of the facts in light of the evidence, his fourth habeas claim will be **DISMISSED**.

### 4. Trial Court Error—Peremptory Challenges (Claim 5)

Petitioner's fifth habeas claim is that the trial court erred in permitting the state to use two peremptory challenges to exclude two potential jurors, one of Taiwanese descent and the other of Hispanic descent, in violation of *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) [Doc. 1-1 at 8–9]. At jury selection, Petitioner's counsel had objected to the exclusion of the jurors but the trial court concluded that the state's reasons for exercising their peremptory challenges as to those two jurors were sufficiently race-neutral. *Allen*, 2007 WL 4117603, *24.

Petitioner raised this identical issue on direct appeal and the TCCA adjudicated the claim on the merits. *Allen*, 2007 WL 4117603, *24–25. The TCCA concluded that "the basis for the State's use of its peremptory challenges against these two potential jurors, who were ultimately excluded from the venire, was sufficiently race-neutral to dispel any indicia of purposeful discrimination." *Id.* at *25. Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

### a. Applicable Law

In *Batson*, the Supreme Court held that the Equal Protection Clause of the Fourteenth Amendment prohibits prosecutors from exercising peremptory challenges on the basis of race. 476 U.S. at 89. When adjudicating a *Batson* claim, courts follow a three-step process:

> "First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race; second, if that showing has been made, the prosecution must offer a race-neutral basis for striking the juror in question; and third, in light of the parties' submissions, the trial court must determine whether the defendant has shown purposeful discrimination."

*Davis v. Ayala*, 135 S. Ct. 2187, 2199 (2015) (quoting *Snyder v. Louisiana*, 552 U.S. 472, 476–77 (2008)).

The opponent of the strike bears the burden of persuasion regarding racial motivation, *Purkett v. Elem*, 514 U.S. 765, 768 (1995), and a trial court finding regarding the credibility of an

23

attorney's explanation of the ground for a peremptory challenge is "entitled to 'great deference,'"

*Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (quoting *Batson*, 476 U.S., at 98 n. 21).

### b. Discussion

In addressing Petitioner's claim, the TCCA identified *Batson* as the appropriate standard

and addressed it as follows:

> With respect to the Taiwanese juror, the trial court noted that the juror admitted on orientation day that she could not understand very much English. The State explained that, because of her difficulty understanding the English language, the juror could not understand what jury duty meant. The trial court found that this was a sufficiently race-neutral reason for the State's use of a peremptory challenge. We conclude that the State articulated a valid, race-neutral reason for challenging this juror, and the trial court's decision that the State's reasons were legitimate and non-discriminatory is not clearly erroneous.
>
> We reach the same conclusion with respect to the second juror. The State explained that the second juror, of Hispanic descent, was an interpreter and a "sort of advocate" for defendants in General Sessions Court. Further, she had been interviewed and investigated by the TBI for taking money from Hispanics to get them out on bond. The State explained to the court that it thought that the juror knew that she was being investigated. The State, however, did not feel that it had sufficient evidence to prosecute her. The trial court concluded that this was a sufficient race-neutral reason for the State's exercise of a peremptory challenge of this potential juror, and we conclude that such finding by the trial court was not clearly erroneous.

*Allen*, 2007 WL 4117603, *25.

Under the deferential standard of the AEDPA, the Court is satisfied that the decision of the

TCCA so finding was objectively reasonable.  Although Petitioner may not believe the state's

explanation for the strikes, the "second step of this [*Batson*] process does not demand an

explanation that is persuasive, or even plausible . . .  Unless a discriminatory intent is inherent in

the prosecutor's explanation, the reason offered will be deemed race neutral."  *Purkett*, 514 U.S. at

767.

Accordingly, because the decision of the TCCA that the state offered sufficient race-neutral reasons for using peremptory strikes on the challenged jurors is neither contrary to, nor an unreasonable application of, Federal law as established in *Batson*, nor based on an unreasonable determination of the facts in light of the evidence, his fifth habeas claim will be **DISMISSED**.

### 5.    Ineffective Assistance of Counsel (Claims 8 and 9)

Petitioner's eighth and ninth habeas claims both allege that he was denied his Sixth Amendment right to the effective assistance of counsel at trial [Doc. 1-1 at 15-20]. Specifically, he alleges in claim eight that his counsel was ineffective for failing to call six witnesses: Phyllis Allen, Janan Allen, Edward Allen, Terry Wolfe, Richard Atkins and Jessica Dudley. In claim nine, he alleges that counsel was ineffective for failing to hire a jury consultant.

Petitioner challenged the effectiveness of trial counsel on each of the foregoing grounds in his state post-conviction petition. Following an evidentiary hearing, the post-conviction court rejected the claim, finding that Petitioner failed to prove by clear and convincing evidence any of the alleged grounds of ineffectiveness. The post-conviction court made the following findings as summarized by the TCCA:

> In denying relief based on these claims of ineffective assistance of counsel, the postconviction court found that trial counsel is "an experienced criminal defense attorney, who is death penalty qualified." The court stated that trial counsel's "credibility is impeccable as compared to Petitioner." The court reviewed the amount of time trial counsel spent on the case, 134.6 hours out of court and 29.5 hours in court, and found that trial counsel "counseled with Petitioner, investigated the case with the help of an investigator, filed the appropriate motions and made reasonable tactical decisions throughout petitioner's trial." As a result, the court ruled that the Petitioner did not prove by clear and convincing evidence that trial counsel rendered ineffective assistance.

*Allen*, 2012 WL 826522, at *6.

The TCCA agreed with the post-conviction court and, after rejecting each specific ground of alleged deficiency, concluded that Petitioner failed to carry his burden to prove ineffective assistance of counsel on any ground. *Id*. at 7–8. Respondent argues that the decision of the TCCA is entitled to deference under § 2254(d).

### a. Applicable Law

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. amend. VI. Under the Sixth Amendment, a defendant has a constitutional right not just to counsel, but to "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the *Strickland* standard for proving ineffective assistance of counsel, a defendant must meet a two-pronged test: (1) that counsel's performance was deficient; and (2) that the deficient performance prejudiced the defense. *Id*.

Under the first prong of the test, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A defendant asserting a claim of ineffective assistance must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id*. at 690. The reasonableness of counsel's performance must be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466 U.S. at 689.

The second prong requires the petitioner to show that counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the

judgment." *Strickland*, 466 U.S. at 691. In order to prevail on a claim of prejudice, a petitioner must show "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. While both prongs must be established to meet a petitioner's burden, if "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." *Id*. at 697.

Review of a *Strickland* claim under § 2254(d)(1) is "doubly deferential." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Further, "[w]hen § 2254(d) applies, the question is not whether counsel's actions were reasonable," but instead "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 105 (2011).

### b.      Discussion—Failure to Call Witnesses (Claim 8)

Petitioner's eighth habeas claim alleges that counsel was ineffective for failing to call a number of witnesses at trial. The post-conviction court found that counsel was not ineffective in failing to call any of the witnesses and the TCCA found that the "record does not preponderate against the findings of the post-conviction court." *Allen*, 2012 WL 826522, at *7. The TCCA addressed Petitioner's claim as follows:

> With regard to Phyllis and Janan Allen, the proof at the post-conviction hearing established that trial counsel made strategic decisions, informed by adequate preparation, in deciding not to call these witnesses. Trial counsel decided, based on personal meetings with Phyllis Allen, that she was not sufficiently stable to be a reliable witness for the Petitioner. He feared that she might lose her composure and give damaging testimony. Similarly, once Janan Allen was arrested, trial counsel decided that the recent arrest made her testimony too risky, especially in light of the fact that her testimony would have been duplicative of another defense witness's testimony. Such decisions were within the range of reasonable assistance, and the Petitioner has failed to carry his burden to prove the ineffective assistance of counsel.

Concerning Trooper Wolfe, the Petitioner did not present Wolfe's testimony at the hearing. As a result, *Black* [*v. State*, 794 S.W.2d 752, 757 (6th Cir. 2012)] dictates that the Petitioner is not entitled to relief because he cannot demonstrate that Wolfe's testimony would have been favorable to the Petitioner's case. 794 S.W.2d at 757–58. The Petitioner, therefore, has not carried his burden to prove that the failure to call Wolfe constituted ineffective assistance.

. . .

The Petitioner asserts that Atkins was present at a time Brassfield testified the Petitioner discussed the murder, and Atkins would testify that the Petitioner did not discuss a murder. Atkins would also testify that Brassfield had reason to testify against the Petitioner. Although Atkins's testimony would have been relevant to impeach Brassfield's trial testimony, the proof at the hearing showed another defense witness, Bronson Hollifield, contradicted Brassfield's testimony that a similar conversation occurred at another location. Additionally, at least one other witness testified to Brassfield's reputation for lying, and Brassfield was impeached with his prior convictions and his motives to testify against the Petitioner. Finally, the record shows trial counsel did much to discredit Brassfield's testimony, and Atkins's testimony would have added little to the Petitioner's defense. The Petitioner, therefore, cannot establish prejudice necessary to prove that trial counsel's failure to call Atkins was ineffective assistance.

Second, regarding the failure to investigate and call Dudley to testify, the Petitioner cannot prove that she "could have been found by a reasonable investigation." *Black*, 794 S.W.2d at 758. Trial counsel testified that his investigator attempted to find every witness that could have been helpful to the Petitioner's defense. He said that the investigator had a subpoena for Dudley and searched for her, but was unable to find her. It appears from the record that trial counsel and his investigator undertook a reasonable investigation. The failure to investigate her and call her at trial does not constitute ineffective assistance, and the Petitioner has failed to carry his burden of proof on this matter.

*Allen*, 2012 WL 826522, at *7–8.

The Court is satisfied that the state courts' application of Strickland to the facts of this claim was not unreasonable. It is a "longstanding and sound principle that matters of trial strategy are left to counsel's discretion." *Dixon v. Houk*, 737 F.3d 1003, 1012 (6th Cir. 2013). "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are

reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Under the doubly deferential standard of *Strickland* and the AEDPA, the Court is satisfied that the state court decision finding that trial counsel was not ineffective for failing to call any of the proposed witnesses was not unreasonable. Accordingly, because that decision was neither contrary to, nor an unreasonable application of, federal law as established in *Strickland*, Petitioner's eighth habeas claim will be **DISMISSED**.

### c. Discussion—Failure to Hire Jury Consultant (Claim 9)

Petitioner's ninth habeas claim alleges that counsel was ineffective for failing to hire a jury consultant. The TCCA addressed this claim as follows:

> Turning to the Petitioner's claim that trial counsel failed to hire a jury consultant, the Petitioner has presented no evidence as to how this decision prejudiced his defense. Trial counsel testified that he decided not to hire such a consultant after the trial court allowed a jury questionnaire and sufficient time to review the questionnaire with the Petitioner. Counsel stated that this allowed him and the Petitioner to perform the same function that a jury consultant would have performed. The Petitioner has not proven either deficient representation or prejudice as a result of trial counsel's decision, and he is not entitled to relief.

*Allen*, 2012 WL 826522, at *8.

The Court is satisfied that the state courts' application of *Strickland* to the facts of this claim was not unreasonable. It is a "longstanding and sound principle that matters of trial strategy are left to counsel's discretion." *Dixon*, 737 F.3d at 1012. "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690–91.

Under the doubly deferential standard of *Strickland* and the AEDPA, the Court is satisfied that the state court decision finding that trial counsel was not ineffective for failing to hire a jury consultant was not unreasonable. Accordingly, because that decision was neither contrary to, nor an unreasonable application of, federal law as established in *Strickland*, Petitioner's ninth habeas claim will be **DISMISSED**.

## VI.     CONCLUSION

For the reasons set forth herein, the Court finds that none of Petitioner's claims warrant the issuance of a writ of habeas corpus. Accordingly, Petitioner's § 2254 petition [Doc. 1] and will be **DENIED** and this action will be **DISMISSED WITH PREJUDICE**

## VII.    CERTIFICATE OF APPEALABILITY

Finally, the Court must consider whether to issue a certificate of appealability (COA) should Petitioner file a notice of appeal. Under 28 U.S.C. § 2253(a) and (c)(1), a petitioner may appeal a final order in a § 2254 case only if she is issued a COA, and a COA will be issued only where the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

Where claims have been dismissed on their merits, a petitioner must show reasonable jurists would find the assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner whose claims have been rejected on a procedural basis must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*; *see also Porterfield v. Bell*, 258 F.3d 484, 485-86 (6th Cir. 2001).

Here, the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to any of his claims. Specifically, jurists of reason would not debate

the Court's finding that Petitioner failed to exhaust and procedurally defaulted a number of her claim, nor that several of her claims are non-cognizable in habeas. Nor has Petitioner shown that reasonable jurists would find the Court's assessment of Petitioner's remaining constitutional claims debatable or wrong. Because Petitioner has failed to make a substantial showing of the denial of a constitutional right, a COA **SHALL NOT ISSUE**.

      **AN APPROPRIATE ORDER WILL ENTER.**

      **ENTER:**

s/J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE
